UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHEN R. DECKER,

    Plaintiff,

    v.

UNITED STATES, *et al.*,

    Defendants.

CASE NO. C08-1339 RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendant "United States' Motion to Dismiss and Alternative Motion for Summary Judgment." (Dkt. #13). Defendant argues that Plaintiff's claims against the United States and the Internal Revenue Service for monetary damages and injunctive relief should be dismissed under either FRCP 12(b)(1), FRCP 12(b)(6), or FRCP 56(c).

For the reasons set forth below, the Court agrees with Defendant, and GRANTS Defendant's motion.

## II. DISCUSSION

**A. Background**

Plaintiff Stephen R. Decker, proceeding *pro se*, initiated the instant lawsuit on September 8, 2008 against the United States and the Internal Revenue Service ("IRS"). Plaintiff demands nearly $1.5 million in damages, apparently on the grounds that the IRS has

ORDER
PAGE - 1

unlawfully levied taxes upon him. Plaintiff also seeks a declaration from the Court that his tax liabilities are uncollectable. In support of this requested relief, Plaintiff brings nine separate counts in his complaint, all of which allege that the IRS failed to comply with various federal statutes. (Dkt. #11, Pl.'s Am. Compl., ¶¶ 19-69). Plaintiff also indicates in his complaint that because he is "the sole owner of his physical and mental labor," the income he earned during the years in which the IRS assessed a tax upon him does not constitute income, gross income, or taxable income. (*Id.*, ¶¶ 2-6).

According to the IRS, Plaintiff has not filed a valid federal income tax return since 1996. The IRS additionally indicates that Plaintiff has failed to pay taxes from 1992 through 1996, and from 1999 through 2001. The IRS also contends that Plaintiff erroneously claimed a false refund in 1993. As a result of this conduct, Plaintiff owes nearly $2 million in taxes, which includes civil penalties imposed by the IRS. The IRS has attempted to satisfy this liability by filing tax liens and placing levies upon Plaintiff's property and wages to no avail. Notably, it appears that Plaintiff has made several unsuccessful administrative attempts to erase this substantial tax liability.

The United States (hereinafter "Defendant"), on behalf of the IRS, now brings the instant motion to dismiss. Defendant notes at the outset that the IRS was improperly named as they are a federal entity that is not subject to suit. Defendant subsequently argues that all of Plaintiff's claims should be dismissed pursuant to FRCP 12(b)(1), FRCP 12(b)(6), or FRCP 56(c).

**B. Plaintiff's Claims Against the IRS**

As a preliminary matter, the Court addresses Defendant's contention that the IRS was improperly named. Agencies of the United States Government can generally be sued in their own name only if Congress has explicitly waived sovereign immunity, or the agency is the offspring of a suable entity. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not waived sovereign immunity for the IRS. *See White v. IRS*, 790 F.Supp. 1017, 1019 (D. Nev. 1990) ("[A]gencies such as the IRS are not suable entities."). Furthermore, "[w]here relief, if granted, would result in a judgment that would expend itself on the public treasury or

restrain the Government from action or interfere with public administration, the suit constitutes an action against the United States." *Id.* (citing *Dugan v. Rank*, 372 U.S. 609, 620 (1962)). Based upon this well-established case law, it is clear that the IRS is not a properly named defendant in this case. Accordingly, the IRS shall be dismissed from this lawsuit.

### C. Plaintiff's Claims Against the United States

Under FRCP 12(b)(1), courts can dismiss actions where a plaintiff fails to establish why a federal court has subject matter jurisdiction over the claim. *See* FRCP 12(b)(1). Courts can likewise dismiss actions under FRCP 12(b)(6) where a plaintiff fails to state a claim for which relief can be granted. *See* FRCP 12(b)(6). Meanwhile, under FRCP 56(c), courts must dismiss an action where there is no genuine issue of material fact. *See* FRCP 56(c).

Defendant argues that under these three standards, Plaintiff's nine separate counts implicating various federal statutes and challenging the validity of the tax liens imposed on him should be dismissed. Notwithstanding the standards set forth in FRCP 12(b)(1) or FRCP 56(c), the Court agrees that all of Plaintiff's claims shall be dismissed pursuant to FRCP 12(b)(6) for the reasons set forth below.

#### 1. U.S.C. § 2410

Plaintiff's first cause of action is a quite title action pursuant to 28 U.S.C. § 2410. Under this statute, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien. 28 U.S.C. § 2410(a). Plaintiff claims that the tax liens against his real and personal property should be removed because the IRS sent procedurally invalid administrative notices to him.

However, the record clearly establishes that there were no procedural irregularities when the IRS issued the liens Plaintiff complains about in this case. For example, for the 1993, 1994, 1996, 1999 and 2001 tax years, the IRS sent valid notices of deficiencies to Plaintiff pursuant to 26 U.S.C. § 6212(a). (*See* Dkt. #14, Decl. of McCormally, ¶¶ 4-9, Exs. A-14 – A-19). In addition, the record also shows for the years in which the IRS imposed civil penalties on Plaintiff, the IRS sent Plaintiff multiple notices of assessments and demands of payments pursuant to 26 U.S.C. § 6303. (*See* Dkt. #8, Decl. of Riehle, ¶ 6, Exs. A-1 – A-13).

When Plaintiff failed to satisfy his outstanding tax liabilities, the IRS ultimately sent valid notices of intent to levy and collection due processes to Plaintiff on at least four different occasions. (*Id.*, ¶ 8). Therefore Plaintiff cannot show that there was anything procedurally improper about the notices sent by the IRS.

To the extent Plaintiff is challenging the merits of the assessment itself, it is well-settled that a taxpayer cannot "use a section 2410 action to collaterally attack the merits of an assessment." *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990) (citation omitted); *see also Guthrie v. Sawyer*, 970 F.2d 733, 736-37 (10th Cir. 1992) ("As we have noted, the law is clear that a challenge to the amount of the alleged deficiency cannot be raised in a quiet title action."). As a result, Plaintiff's 28 U.S.C. § 2410 action shall be dismissed.

### 2. 26 U.S.C. §§ 6212(a) and 6213(a)

Plaintiff's second claim alleges that the IRS failed to comply with 26 U.S.C. §§ 6212(a) and 6213(a). The former lays out the proper procedure the IRS must follow when issuing a Notice of Deficiency, while the latter sets forth the time in which a taxpayer may petition to the Tax Court for a redetermination of a deficiency. These arguments are also without merit.

As established above, the IRS complied with the notification procedures of 26 U.S.C. § 6212(a) by issuing valid notices of deficiencies for the years in which the IRS assessed a tax upon Plaintiff. Each notice was clearly sent to Plaintiff's last known address, thereby satisfying the requirement in 26 U.S.C. § 6303 which requires that "[s]uch notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address." 26 U.S.C. § 6303; *see also King v. Comm'r*, 857 F.2d 676, 679 (9th Cir. 1988) ("A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's last known address.") (internal quotations and citations omitted). The IRS recently sent several notices to Plaintiff at the same address he lists in the instant lawsuit, significantly undermining Plaintiff's argument that he did not have notice of his tax deficiencies.

With respect to Plaintiff's 26 U.S.C. § 6213(a) claim, Plaintiff fails to discuss in his response why he has a cause of action under this statute. In any event, there exists no

evidence in the record that Plaintiff filed a petition to the Tax Court for a redetermination of any tax deficiency. Plaintiff's claims under 26 U.S.C. §§ 6212(a) and 6213(a) shall be dismissed.

### 3. 26 U.S.C. § 6203

Plaintiff's third claim alleges that the IRS failed to make a proper assessment in violation of 26 U.S.C. § 6203. However, courts have consistently rejected the taxpayer argument that § 6203 provides a cause of action when the IRS furnishes a Certificate of Assessment, Payment, and Other Specified Matters ("Form 4340") to the taxpayer. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993). It is well-settled that a Form 4340 is "probative evidence in and of themselves and . . . [is] sufficient evidence to establish that . . . assessments were properly made." *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992). Here, the IRS clearly furnished Forms 4340 to Plaintiff for the years in question. (Decl. of Riehle, Exs. A-1 – A-13). Therefore Plaintiff's 26 U.S.C. § 6203 claims shall be dismissed.

### 4. 26 U.S.C. § 6303

Plaintiff next argues that the IRS failed to satisfy the notice requirements set forth in 26 U.S.C. § 6303. But as described above, the record clearly establishes that for the years in which the IRS imposed civil penalties on Plaintiff, the IRS sent Plaintiff multiple notices of assessments and demands of payments pursuant to 26 U.S.C. § 6303. (Decl. of Riehle, ¶ 6, Exs. A-1 – A-13). In addition, forms 4340 are not only prima facie evidence that the assessments were properly made, they also prove that notice and demand were properly sent. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (holding that "the IRS properly submitted and relied on Form 4340 to show that notice and demand was sent to the [taxpayers]"). As a result, Plaintiff's 26 U.S.C. § 6303 claims are meritless.

### 5. 26 U.S.C. § 6331(d)(2)(A)-(C)

Plaintiff additionally claims that the IRS failed to provide him with proper notices of intent to levy in violation of 26 U.S.C. § 6331(d)(2)(A)-(C). This statute requires the IRS to provide the taxpayer with such a notice within 30 days before the day of the levy. However,

Plaintiff clearly acknowledges in his amended complaint that he received multiple notices of intent to levy. (*See* Pl.'s Am. Compl., Ex. A, pp. 25-26; Ex. B, pp. 45-46). Indeed, Plaintiff fails to discuss in his opposition the IRS's contention that it sent out valid Notices of Intent to Levy in compliance with 26 U.S.C. § 6331. Consequently, Plaintiff's claim under this statute fails.

### 6. 26 U.S.C. § 6325(a)(1) and 26 U.S.C. § 7342

Plaintiff's sixth count alleges that the United States should be liable under 26 U.S.C. § 7342 on the grounds that the IRS failed to release a lien upon his property under 26 U.S.C. § 6325. Before a lien will be released, the taxpayer must either satisfy the outstanding tax liability, the lien must become legally unenforceable, or a bond must be accepted by the IRS in lieu of payment. *See* 26 U.S.C. § 6325(a)(1)-(2). This requirement is based on the well-established rule that a taxpayer must "pay first and litigate later." *Flora v. United Sates*, 362 U.S. 145, 159-162 (1960).

Here, Plaintiff clearly cannot show that he has satisfied any of the conditions imposed by 26 U.S.C. § 6325(a)(1)-(2). Instead, Plaintiff argues that he is somehow not subject to the "tyrannical provisions" of the statutes he chooses to implicate in his own lawsuit. Plaintiff further suggests that he is bringing a suit for damages rather than a tax refund, thereby excusing him of the requirements in § 6325(a).

But as the Ninth Circuit has expressly found:

> To allow the taxpayer to proceed with his damages claim would ignore the clear language of § 7432(a), offend the "pay first" principle implicit in that statute, and "invite taxpayers to circumvent the refund action process by litigating the merits of the assessments against them in the collateral setting of a suit for damages allegedly caused by the IRS' refusal to release the liens on their property."

*PCCE, Inc. v United States*, 159 F.3d 425, 428-29 (9th Cir. 1998) (quoting *McMillen v. United States Dep't of Treasury*, 960 F.2d 187, 190 (1st Cir. 1991)).

As a result, Plaintiff's claims under these statutes fail.

### 7. 26 U.S.C. § 6751(b)

Plaintiff's seventh count claims that the IRS failed to comply with the procedural requirements of 26 U.S.C. § 6751(b) because no immediate supervisor approved Plaintiff's

initial tax assessment. Notwithstanding the fact that Plaintiff offers no objective evidence in support of his argument, this argument is in all respects identical to Plaintiff's third claim in which he challenges the validity of the assessments imposed on him. As described above, a Form 4340 is prima facie evidence that the assessments were made correctly. Accordingly, Plaintiff's claim under 26 U.S.C. § 6751(b) shall be dismissed.

### 8. 26 U.S.C. § 6103(b)(6)

Plaintiff's eighth count alleges that the IRS violated the confidentiality provisions of 26 U.S.C. § 6103. Specifically, he claims that the IRS unnecessarily disclosed Plaintiff's social security number a total of 24 times. However, the allegedly violative disclosures were made within documents identifying Plaintiff as a taxpayer who had failed to pay his taxes. Furthermore, 26 U.S.C. § 6103(k)(6) expressly holds that an IRS employee may, in connection with any collection activity, "disclose return information to the extent that such disclosure is necessary in obtaining information[.]" 26 U.S.C. 6103(k)(6). Case law interpreting this statute and its corresponding regulations have found that the "disclosure of return information necessary to accomplish collection activities, *including the service of levies, issuance of summonses and the filing of notices of federal tax liens*, is exempt from the general disclosure prohibition of Section 6103(a)." *Elias v. United States*, 1990 WL 264722, at *5 (C.D. Cal. 1990) *aff'd by* 974 F.2d 1341 (9th Cir. 1992) (emphasis added). No confidentiality provisions were violated in this case. Plaintiff's 26 U.S.C. § 6103(b)(6) claim shall be dismissed.

### 9. 26 U.S.C. § 6331(a)

Lastly, Plaintiff argues that the IRS issued the levies upon him in violation of 26 U.S.C. § 6331(a), a statute that gives the IRS authority to collect taxes. Plaintiff essentially questions this authority of the IRS by invoking the Administrative Procedures Act ("APA"). Plaintiff claims that he is entitled to judicial review of this claim because the APA allows him to assert any legal wrong due to an agency action.

However, it is clear that "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes." *McGuirl v. United States*, 360 F.Supp.2d 129, 132

ORDER
PAGE - 7

(D.D.C. 2004) (citation omitted).  This principle rests upon the taxpayer's ability to challenge a levy before the IRS Office of Appeals.  *See* 26 U.S.C. § 6330.  Therefore Plaintiff's 26 U.S.C. § 6331(a) claim also fails.

Overall, the Court rejects the anti-tax rhetoric contained in Plaintiff's briefings.  The Sixteenth Amendment to the United States Constitution clearly authorizes Congress to levy an income tax, and the IRS's authority to collect this tax is found throughout Title 26 of the United States Code.  Plaintiff's belief that he should be immune from these laws is completely without legal merit, and federal courts universally reject the types of arguments Plaintiff is making here.  *See In re Becraft*, 885 F.2d 547, 548 n.2 (9th Cir. 1989) ("We hardly need comment on the patent absurdity and frivolity of such a proposition."); *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir. 1988) ("[W]ages are income" and "paying taxes is not voluntary."); (*Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985) ("Like it nor not, the Internal Revenue Code is the law[.]").  Plaintiff's frivolous claims are hereby dismissed.

### III.  CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant "United States' Motion to Dismiss and Alternative Motion for Summary Judgment" (Dkt. #13) is GRANTED.  Plaintiff's claims are dismissed with prejudice, and the case is now CLOSED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and pro se Plaintiff.

DATED this 20th day of May, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE